UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| Rachel Bohanon, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | )   Case No.: 3:14-CV-469-PLR-HBG |
| | ) |
| East Tennessee Human Resource | ) |
| Agency Inc., *et al.* | ) |
| | ) |
|     *Defendants*. | ) |

**Memorandum Opinion and Order**

This matter is one of several related cases asserting claims against the East Tennessee Human Resource Agency ("ETHRA") and various Tennessee counties for constitutional deprivations and state-law torts.[1] The plaintiffs were all convicted of crimes and sentenced to probation. ETHRA contracted with the defendant counties to provide probation services on behalf of the counties. Toward the end of their probation, ETHRA employees summoned the plaintiffs and asked them to sign a document voluntarily extending their probationary term because they had failed to pay their fees and probation costs. These signatures were obtained without the benefit of counsel, and under the apparent threat of incarceration. Signatures in hand, the ETHRA probation officers obtained judicial orders extending the plaintiffs' probationary periods. Later, after the initial probationary period expired, but during the

---

[1] The related cases include:

    1. *Lawrence v. East Tennessee Human Resource Agency, Inc., et al.*, 3:14-cv-534-PLR-HBG
    2. *Hawkins v. East Tennessee Human Resources Agency, Inc., et al.*, 3:15-cv-250-PLR-HBG
    3. *Zapata v. East Tennessee Human Resources Agency, Inc., et al.*, 3:14-cv-523-PLR-HBG
    4. *Felbarth v. East Tennessee Human Resources Agency, Inc. et al.*, 3:15-cv-329-PLR-HBG

"extended" probationary period, the ETHRA probation officers issued violation of probation warrants that were signed by a trial judge. The plaintiffs were eventually arrested for violating the terms of their probation. This matter now comes before the Court on the defendants' motions to dismiss for failure to state a claim [R. 15, 33], ETHRA's motion to strike [R. 31], and two motions filed by the plaintiff seeking leave to amend her complaint [R. 21, 38].

i.

Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure require the complaint to articulate a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requirement is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of the plaintiff's claims that would entitle the plaintiff to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990), *cert. denied,* 498 U.S. 867 (1990).

The court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.3d 434, 436 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the

2

material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

### ii.

On July 8, 2010, the plaintiff pled guilty in Roane County Criminal Court to Simple Possession/Casual Exchange in violation of Tennessee Code Annotated § 39-17-418. She was sentenced to eleven months and twenty-nine days, but all jail time was suspended. The plaintiff was placed on supervised probation with ETHRA, and she was required to pay a fine, court costs, and probation supervision fees. On June 23, 2011, just a few weeks before the plaintiff's probationary term was to expire, Stacie Basler, an ETHRA probation officer, obtained the plaintiff's signature on a document purportedly extending her probationary period until July 7, 2012 (the "June 2011 Order"). Ms. Basler obtained the plaintiff's signature without counsel, outside the presence of a judge, and without the procedural safeguards ordinarily afforded to a defendant (such as a revocation of probation hearing). The probationary period was extended so that the plaintiff could pay her court costs, fines, and supervision fees. The June 2011 Order was obtained under threat of incarceration; it was offered to the plaintiff as an alternative to a violation of probation warrant being issued for her arrest.

On August 3, 2011, nearly a month after the plaintiff's initial probationary period expired, the trial judge ratified the June 2011 Order. Stacie Basler issued a violation of probation warrant for the plaintiff's arrest in February 2012, and the trial judge signed the warrant the same day. Over two years later, in July 2014 (four years after the plaintiff was first sentenced to eleven months and twenty-nine days of probation), the plaintiff was arrested based on the February 2012 warrant. On August 5, 2014, the plaintiff's warrant was dismissed due to a lapse of jurisdiction, and the plaintiff was released from custody. The plaintiff filed this action on October 6, 2014.

3

iii.

ETHRA and Stacie Basler have filed a motion to dismiss based on the statute of limitations.[2] The bulk of the misconduct alleged by the plaintiff occurred between June 2011 and February 2012. According to the defendants, the one year statute of limitations applicable to § 1983 claims alleging a violation of civil rights or personal injuries elapsed, at the latest, in February 2013, one year after the plaintiff's arrest warrant was issued. Because the plaintiff did not file her complaint until October 2014, her claims are time-barred and should be dismissed.

The plaintiff acknowledges that a one-year statute of limitations applies to her claims, and she acknowledges that the violation of probation warrant was issued well over a year before she filed suit, but the plaintiff contends that her constitutional causes of action did not actually accrue until she was served with the violation of probation warrant and taken into custody in July 2014. According to the plaintiff, it was not until then that she knew or had reason to know of the injury that was the basis for her action. Alternatively, the plaintiff argues that her § 1983 claims were timely filed under the continuing violation doctrine or under the doctrine of deferred accrual.

While the plaintiff has asserted numerous claims, they all stem from two injuries: *first*, the plaintiff's probation was extended without procedural safeguards like a revocation hearing or even the advice of counsel, possibly in violation of state law and the plaintiff's due process rights; *second*, the plaintiff was arrested for violating the terms of her probation over two years after her original probationary period expired based on an arrest warrant Stacie Basler submitted

---

[2] ETHRA and Stacie Basler also move to dismiss the plaintiff's claims asserted against Ms. Basler in her official capacity because a suit against a governmental employee in her official capacity is functionally identical to suit against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The plaintiff acknowledges as much, and she has removed the claims against Ms. Basler in her official capacity from her proposed amended complaints. The motion to dismiss the claims asserted against Ms. Basler in her official capacity is granted.

4

to a judge. The plaintiff's claims relating to the first injury are time barred; her claims relating to the second injury are not.

In Tennessee, a one-year statute-of-limitations period applies to personal injury and § 1983 claims. Tenn. Code Ann. § 28-3-104. The statute of limitations generally begins to run once the plaintiff knows or has reason to know of the injury that is the basis of the action. *Eidson v. State of Tenn. Dept. of Children's Services*, 510 F.3d 631, 635 (citing *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). "[I]n determining when the cause of action accrues in section 1983 actions, [the Sixth Circuit has] looked to what event should have alerted the typical lay person to protect his or her rights." *Id.* (quoting *Kuhnle*, 103 F.3d at 520).

Without question, the plaintiff should have been alerted to the need to protect her rights the day she signed the June 2011 Order. The plaintiff knew of her injury the moment she signed the order extending her probation. To get around this, the plaintiff argues that the continuing violation doctrine applies to her case because her injuries relating to the extension of her probation continued to manifest themselves on a day-by-day basis. The continuing violation doctrine, however, only applies in cases involving continued wrongful conduct on the defendants' part. *Eidson*, 510 F.3d at 635. "[A] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Tolbert v. State of Ohio Dep't of Trans.*, 172 F.3d 934, 940 (6th Cir. 2002). Passive inaction by the alleged wrongdoers does not support a continuing violation theory. *Id.*

Any injuries related to the extension of the plaintiff's probation (deprivation of counsel, violation of due process, etc.) occurred because of discrete acts by the defendants. The plaintiff had constructive knowledge of her injury the day she signed the June 2011 Order, and the

5

defendants did not continually act to deprive the plaintiff of her rights. The continuation of her probation was simply a continued ill effect of the initial unlawful acts. Accordingly, the plaintiff's claims against ETHRA and Stacie Basler relating to the extension of her probation will be dismissed as time-barred.

The plaintiff's claims relating to her arrest, including her claims for the issuance of the arrest warrant, are not time-barred. From the facts pled, there is no basis for concluding that the plaintiff knew or had any reason to believe that her probation officer had issued a probation violation warrant until the day of her arrest in July 2014. The arrest was not a continued ill-effect as the defendants argue, but was instead an injury resulting from the defendants' allegedly unlawful issuance of the probation violation warrant. The statute of limitations clock did not begin to tick with respect to that injury until the moment the plaintiff had notice of her injury—the day of her arrest.[3] Those claims are within the one year statute of limitations. Accordingly, the defendants' motion to dismiss the plaintiffs' claims relating to her arrest, including the issuance of the arrest warrant, is denied.[4]

iv.

Roane County has also filed a motion to dismiss asserting that the plaintiff has failed to state any claim for which relief can be granted. Roane County's motion individually addresses

---

[3] The defendants actually appear to be arguing that the plaintiff should have asserted her malicious prosecution or false arrest claims before she was arrested. According to them, the plaintiff "knew or should have known that her actions constituted a violation of the terms of her supervised probation and would result in her eventual arrest," and therefore the plaintiff's claims relating to the issuance of the arrest warrant and her eventual arrest were time-barred *before she was arrested*. This argument is not persuasive, as it would require the plaintiff to anticipate being arrested years after her probation was unlawfully extended and preemptively file suit based on a warrant she did not know existed.

[4] After the defendants filed their reply, the plaintiff filed a supplemental memorandum in opposition to the defendants' motion to dismiss. [R. 28]. ETHRA and Stacie Basler moved to strike the supplemental memorandum because it was filed without leave of the Court in violation of Local Rule 7.1. [R. 31]. The memorandum was not filed to "call the Court's attention to developments occurring after a party's final brief [was] filed." The plaintiff's memorandum instead addresses the legality (constitutionally and under Tennessee law) of the probation extension—a question that was not raised by ETHRA and Stacie Basler's motion to dismiss. Finally, the plaintiff did not oppose the motion to strike. Accordingly, it will be granted.

6

each the plaintiff's claims, and argues why each claim fails to meet the requisite factual pleading standard, is not cognizable under applicable law, or why Roane County is otherwise immune from the claim. The plaintiff's response is brief; she asserts that Roane County can be liable for her alleged due process violations; her right to counsel claim; her unreasonable search and seizure claims; her right to be free from cruel and unusual punishment claim; and her equal protection claims because Judge Eblen of the Roane County Criminal Court ratified the June 2011 Order and signed the plaintiff's probation violation warrant.

Perhaps contrary to what one might assume, county judges in Tennessee are not employees of the county. They are employees of the state. Tenn. Code Ann. § 16-1-101 ("The judicial power of the state is vested in judges of the . . . criminal courts, courts of appeals, and the supreme court, and other courts created by law."); *see also Rogers v. Murchison*, 2013 WL 6592728, at * 5 (E.D. Tenn. Dec. 16, 2013) (holding that a criminal court judge is an employee of the State of Tennessee). Because Judge Eblen is not a Roane County official or employee, the plaintiffs § 1983 claims against Roane County supported only by Judge Eblen's actions must fail.

The plaintiff also argues that the cases cited by Roane County all address motions for summary judgment and are therefore inapplicable to the present motion to dismiss. This is incorrect. While the standard of review does differ between adjudicating motions to dismiss and motions for summary judgment, the substantive law is the same.[5] Roane County's motion to dismiss will be granted.

---

[5] The plaintiff asks the Court to defer considering the motion and allow the plaintiff the opportunity to take discovery in the event that the court applies the summary judgment standard instead of the motion to dismiss standard. Because this is a motion to dismiss and there is no reason to treat it as a motion for summary judgment, this request is denied.

v.

The plaintiff has filed two motions to amend her complaint. The first motion, which simply seeks to replace the claims asserted against Stacie Basler in her official capacity with claims against her in her individual capacity, will be granted. The proposed second amended complaint seeks to add ETHRA probation supervisor Judy Brewer as a defendant, to add claims for unjust enrichment against Roane County and ETHRA, and "to more fully demonstrate the liability and involvement of Defendant Roane County in the violation of Plaintiff's constitutional rights."

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave should freely be given to amend a complaint when the interests of justice require. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reasons – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice . . . futility of the amendment, etc. – then leave sought should, as the rules require, be 'freely given.'"). The denial of an opportunity to amend is within the discretion of the district court. *Id.* When the proposed amendment to the complaint would be futile, the court may deny the motion to amend. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). "Amendment of the complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2006).

The plaintiff's claims against Judy Brewer relating to the extension of her probation are time barred. The plaintiff's other claims asserted against Judy Brewer are nothing more than conclusory assertions with no factual content pled to support them. Accordingly, the plaintiff's claims against Judy Brewer are futile.

8

The amendments "to more fully demonstrate the liability and involvement of Defendant Roane County" also fail. The plaintiff must prove that a Roane County official committed an underlying constitutional violation or that Roane County had a policy, practice, or procedure that caused her constitutional deprivations. Her proposed second amended complaint fails to do so. The allegations relating to Roane County are nothing more than bare assertions of legal conclusions. The seconded amended complaint does not contain allegations respecting all the material elements necessary to recover from Roane County, which are required to survive a motion to dismiss.

Finally, the plaintiff's proposed unjust enrichment claim is futile. Under Tennessee law, unjust enrichment is a quasi-contractual or "contract implied-in-law" theory "where a court may impose a contractual obligation where one does not exist." *Whitehaven Community Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998). Unjust enrichment is simply inapplicable to the case at hand. The plaintiff does not claim there was an implied or quasi-contract under which Roane County or ETHRA received benefits. The plaintiff's unjust enrichment is nothing more than a re-working of her extortion claim. Moreover, under the Tennessee Governmental Tort Liability Act (the "TGTLA"), governmental entities may not be held liable for state-law claims where the factual allegations giving rise to those claims arise out of the same circumstances giving rise to the plaintiff's § 1983 claims. Tenn. Code Ann. § 29-20-205(2); *Campbell v. Anderson County*, 695 F.Supp.2d 765, 778 (E.D. Tenn. 2010). ETHRA and Roane County, both being government entities, are immune from the plaintiff's unjust-enrichment claim because it is based on the same facts and occurrences forming the basis of her federal civil rights claims.

9

vii.

For the foregoing reasons, the Court orders as follows:

a) ETHRA and Stacie Basler's motion to dismiss [R. 15] is **Granted in Part** and **Denied in Part**. Their motion is granted with respect to the plaintiff's claims relating to the extension of her probation and the plaintiff's claims against Stacie Basler in her official capacity. Those claims are dismissed. Their motion to dismiss is otherwise denied;

b) ETHRA and Stacie Basler's motion to strike [R. 31] is **Granted**;

c) Roane County's motion to dismiss [R. 33] is **Granted**;

d) The plaintiff's first motion to amend [R. 21] is **Granted**;

e) The plaintiff's second motion to amend [R. 38] is **Denied**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**