UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| RACHEL BOHANAN, | ) |  |
|---|---|---|
| *Plaintiff*, | ) ) ) |  |
| v. | ) ) | No.: 3:14-cv-00469 REEVES/GUYTON |
| EAST TENNESSEE HUMAN RESOURCES AGENCY, INC., STACIE BASLER, individually, JOHN DOES, and JANE DOES, | ) ) ) ) ) |  |
| *Defendants*. |  |  |

## MEMORANDUM OPINION AND ORDER

On October 6, 2014, Plaintiff Rachel Bohanan filed this civil rights action against the above-captioned Defendants. On August 1, 2016, after nearly two years of pretrial litigation, Ms. Bohanan, by and through counsel, filed a Motion for an Order of Voluntary Dismissal Without Prejudice [D. 60]. Defendants did not object [D. 61]. On August 3, 2016, the Court granted the motion pursuant to Federal Rule of Civil Procedure 41(a), and the claims against all Defendants were dismissed without prejudice [D. 62]. Almost exactly one year later, on August 2, 2017, Ms. Bohanan filed a pro se motion [D. 63] to reopen the case, on grounds that it had been dismissed without her knowledge or consent. This motion is presently before the Court, and is opposed by Defendants East Tennessee Human Resources Agency, Inc., and Stacie Basler, in her individual capacity [D. 64]. For the reasons set forth below, the motion [D. 63] will be **DENIED**.

The Court construes Ms. Bohanan's filing as a motion seeking relief from a judgment or order, pursuant to Federal Rule of Civil Procedure 60(b). *See Loss v. Ward*, 178 F.3d 1295, 1999 WL 107969, at *1 (6th Cir. Feb. 9, 1999) (affirming district court's construction of a motion to reopen as filed pursuant to Rule 60(b)); *McCall-Bey v. Franzen,* 777 F.2d 1178, 1186 (7th Cir. 1985) ("Any time a district judge enters a judgment, even one dismissing a case by stipulation of

1

the parties, [she] retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule.…"). Under Rule 60(b), a court may relieve a party from a "final judgment, order, or proceeding" only for the following enumerated reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Because none of the first five clauses apply in this case,[1] Ms. Bohanan must rely upon Rule 60(b)(6). Relief under that provision is only appropriate in "unusual and extreme situations where principles of equity *mandate* relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990)). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

In her motion to reopen, Ms. Bohanan asserts that the case was dismissed without her knowledge or consent. She further contends that she had difficulty contacting her attorneys for an

---

[1] Subsections (2) through (5) are completely inapplicable. Rule 60(b)(1) also does not apply because the motion for voluntary dismissal was not mistakenly or inadvertently filed, and the Court "did exactly what it thought right when it dismissed the action." *Fuller v. Quire*, 916 F.2d 358, 361 (6th Cir. 1990). Further, "gross neglect on the part of counsel is generally not enough to set aside a judgment under Rule 60(b)(1) on the basis of *excusable* neglect," since such neglect is not excusable. *United States v. Real Prop. Known & Numbered as 429 S. Main St., New Lexington, Ohio*, 906 F. Supp. 1155, 1160 (S.D. Ohio 1995) (emphasis added) (citing *Whitaker v. Associated Credit Servs., Inc.*, 946 F.2d 1222, 1224 (6th Cir. 1991)).

unspecified amount of time, and that her attorneys left her "totally in the dark" as to the status of her case [D. 63]. The motion to reopen is not entirely clear as to the timeline of events, but Ms. Bohanan seems to allege that she did not learn about the August 2016 dismissal until around January 2017, when the case did not proceed to trial as scheduled.

From the perspective of the Court and Defendants, however, Ms. Bohanan's counsel filed an appropriate motion for a voluntary dismissal without prejudice, and, based on this filing and the lack of objections, the Court properly granted it. After voluntarily selecting an attorney as her representative, "a client is bound by [her] lawyer's acts even if those acts cause dismissal of the case…." *Clarendon Ltd. v. Foster*, 7 F.3d 232, 1993 WL 339703, at *8 (6th Cir. Sept. 2, 1993) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). The Supreme Court has flatly rejected the notion that there is any merit "to the contention that dismissal of [a party's] claim because of [her] counsel's unexcused conduct imposes an unjust penalty on the client." *Link*, 370 U.S. at 634.

Nevertheless, courts are understandably hesitant to attribute a lawyer's mistake or misconduct to her client in every circumstance. *Whitaker v. Associated Credit Servs., Inc.*, 946 F.2d 1222, 1226 (6th Cir. 1991). *See also Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. 1992) (expressing reluctance to uphold the dismissal of a case "merely to discipline an errant attorney because such a sanction deprives the client of his day in court"). This Court has stated that a plaintiff alleging attorney error may obtain relief under Rule 60(b)(6) if she establishes that her former attorneys engaged in gross negligence, while she herself was free from fault. *Wilson v. City of Jefferson City, Tenn.*, 2015 WL 1033888, at *2 (E.D. Tenn. Mar. 9, 2015).

Even if Ms. Bohanan were able to make this showing by clear and convincing evidence, the motion still must have been filed "within a reasonable time." *See* FED. R. CIV. P. 60(c)(1). In determining whether a Rule 60(b)(6) motion was timely filed, the court may consider "such factors

as the interest in finality, the reason for the delay, the ability of the party to learn earlier of the grounds relied on and prejudice to the opposing party." *United States v. Real Prop. Known & Numbered as 429 S. Main St., New Lexington, Ohio*, 906 F. Supp. 1155, 1164 (S.D. Ohio 1995).

Ms. Bohanan filed her motion to reopen in August 2017, almost exactly one year after the dismissal, and nearly eight months after she appears to have learned of it. The factors weigh against a finding of timeliness in this case. Public policy favors the finality of judgments, and reopening a case more than one year after its dismissal is unquestionably prejudicial to the defendants. Further, Ms. Bohanan has failed to offer any explanation as to why she waited nearly eight months after learning of the dismissal before filing her motion to reopen. *See Wilson*, 2015 WL 1033888, at *2 (finding an unexplained six-month delay unreasonable). The apparent lack of diligence in pursuing her case weighs against granting the requested relief. Because Ms. Bohanan's motion was not filed within a "reasonable time," relief under Rule 60(b)(6) is not appropriate.

This is not to say that Ms. Bohanan is entirely without recourse. Since the case was dismissed *without* prejudice, Ms. Bohanan is free to refile any claim that is not time-barred.[2] But even if the statute of limitations has run on each of her twenty-one claims,[3] Ms. Bohanan may still have an action against her attorneys in a suit for malpractice. *Link v. Wabash R. Co.*, 370 U.S. 626, 634 n. 10 (1962). If brought within the one-year statute of limitations in Tennessee,[4] such cases effectively "transfer the plaintiff's claim against the defendant … to a claim against plaintiff's lawyer."

---

[2] "Under Tennessee law, a voluntary dismissal normally does not prejudice the plaintiff's right to re-file the same action." *Calaway ex rel. Calaway v. Schucker*, 395 F. App'x 251, 254 (6th Cir. 2010). *See also Lindsay v. Allen*, 112 Tenn. 637 (1904) (noting that in Tennessee, "a mere voluntary dismissal on the part of the complainant will not prevent the bringing of a new suit upon the same subject-matter by the same complainant against the same defendant.").

[3] The Court is not making this determination here.

[4] In Tennessee, an action against an attorney for malpractice must be initiated within one year after the cause of action accrued. Tenn. Code. § 28-3-104(c). "A cause of action for legal malpractice accrues and the statute of limitations commences when: (1) the attorney had committed negligence; (2) the defendant's negligence causes the plaintiff to suffer a legally cognizable or actual injury; and (3) the plaintiff knows, or in the exercise of reasonable care and diligence should have discovered the existence of facts constituting negligence by the attorney at the injury caused thereby." *Hartman v. Rogers*, 174 S.W.3d 170, 173 (Tenn. Ct. App. 2005).

*Needle v. Goodman*, 909 F.2d 1484, 1990 WL 112027, at *3 (6th Cir. Aug. 6, 1990) (citing *Carter v. City of Memphis*, 636 F.2d 159, 163 (6th Cir. 1980) (Joiner, J., dissenting)).

Finding no basis on which to grant the requested relief, Ms. Bohanan's motion to reopen [D. 63] is **DENIED**. The Clerk of Court is **DIRECTED** to mail a copy of this order to the address on file for Ms. Bohanan.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**